# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN STANLEY,<br>    Petitioner,<br><br>    v.<br><br>STATE OF CONNECTICUT,<br>    Respondent. | No. 3:17-cv-890 (SRU) |

## ORDER

On May 26, 2017, Kevin Stanley filed the instant petition seeking review of his state court conviction in accordance with 28 U.S.C. § 2254. On June 6, 2017, I issued an order recognizing that the Second Circuit had recently denied Stanley permission to file a second habeas in another action, *Stanley v. Connecticut*, No. 3:16-cv-1759 (SRU). Doc. # 5. I stated that it appeared that the instant petition was a successive petition to the one that had just been dismissed by the Second Circuit.[1] Accordingly, I ordered Stanley to file proof that he has timely received authorization from a panel of the Second Circuit to file this successive habeas petition, pursuant to 28 U.S.C. § 2255(h). I informed Stanley that failure to file such proof or failure to obtain authorization within 30 days of that order would result in the dismissal of this petition.

On June 14, 2017, Stanley filed a response to my order that appeared to be an attempt to appeal the order to the Second Circuit. Originally filed as a Notice of Appeal, the document was refiled as a "Response" after the Second Circuit indicated that it would not accept it as an appeal because no final order had issued in this case. Whatever the proper title of the document may be, it did not contain proof that he has received authorization from the Second Circuit to file a

---

[1] Upon further review, it is clear that the pertinent portions of the petition are literally identical to the rejected petition in Stanley's earlier case, No. 3:16-cv-1759 (a photocopy of the prior petition was traced over to create a new "original" petition in the instant case).

successive habeas petition. Thus, in accordance with my prior order (doc. # 5), the Clerk shall dismiss the petition as improperly filed. Moreover, because Stanley has merely refiled his earlier petition, it is barred by principles of claim preclusion.

Because the petition is dismissed, I deny as moot the pending motion to proceed in forma pauperis and motion to appoint counsel.

So ordered.

Dated at Bridgeport, Connecticut, this 24th day of August 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge